IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01526–REB–KMT

DAMON O. BARRY,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

# ORDER

This matter is before the court on "Plaintiff's Motion to Join Parties and Amend Complaint" (Doc. No. 39, filed November 16, 2010).

Plaintiff seeks to add a defendant, Aurora Loan Services LLC, and to add a third claim for relief for money damages and penalties arising out of the creditor's alleged failure to properly respond to Plaintiff's Notice of Rescission as is required b the Truth in Lending Act. (Doc. No. 39 at 2.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

The Scheduling Conference was held on September 23, 2010, and a deadline for the parties to amend the pleadings was set at November 12, 2010. (Doc. No. 35.) On November 12, 2010, Plaintiff timely filed his Motion to Amend (Doc. No. 35); however, due to noncompliance with the Court's ECF Procedures, he was instructed to refile the motion. (Doc. No. 38.) The discovery deadline is set at April 29, 2011, and a jury trial has been set at October 3, 2011. (*See* Doc. Nos. 21, 22.) Thus, the case is still in the early stages of litigation.

Defendant did not file a response to the Motion, but instead prematurely filed its "Motion to Dismiss Amended Complaint or for Summary Judgment" (Doc. No. 41) that remains pending before District Judge Robert E. Blackburn. The court finds no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

"Plaintiff's Motion to Join Parties and Amend Complaint" (Doc. No. 39) is GRANTED. The Clerk of Court shall file Plaintiff's "Amended Complaint and Jury Demand" (Doc. No. 39-1).

Dated this 14th day of December, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge