IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 10-cv-01526-REB-KMT

DAMON O. BARRY,

    Plaintiff,

v.

BANK OF AMERICA, N.A., and
AURORA LOAN SERVICES, LLC,

    Defendant.

## ORDER DENYING MOTION FOR SANCTIONS

**Blackburn, J.**

This matter is before me on defendant Bank of America, N.A.'s **Motion for Sanctions Pursuant To Rule 11, FED. R. CIV. P.** [#14][1] filed September 8, 2010. The plaintiff filed a response [#28], Bank of America filed a reply [#31], and the plaintiff filed recently a supplemental response [#99]. I deny the motion.

FED. R. CIV. P. 11 provides, in relevant part, that,

> By presenting to the court . . . a pleading, written motion, or
> other paper, an attorney or unrepresented party is certifying
> that to the best of the person's knowledge, information, and
> belief, formed after an inquiry reasonable under the
> circumstances, –
> 
>           \*    \*    \*    \*
> 
> (2)    the claims, defenses, and other legal
>         contentions therein are warranted by existing
>         law or by a nonfrivolous argument for the
>         extension, modification, or reversal of existing

---

[1] "[#14]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

>                         law or the establishment of new law; . . .
>
>             (3)         the factual contentions have evidentiary support or, if
>                         specifically so identified, will likely have evidentiary support
>                         after a reasonable opportunity for further investigation or
>                         discovery;

FED. R. CIV. P. 11(b)(2), (3). A finding of bad faith is not necessary to find a violation of the rule. **Colorado Chiropractic Counsel v. Porter Memorial Hospital**, 650 F.Supp. 231, 237 (D. Colo. 1986). The standard applied is one of objective reasonableness, and counsel's good faith belief in the soundness of his position is inadequate to shield him from liability. **White v. General Motors Corp.**, 908 F.2d 675, 680 (10th Cir. 1990).

The motion for sanctions concerns the allegations in the plaintiff's initial complaint [#1].[2] The plaintiff, Damon O. Barry, alleges that he re-financed the loan on his home in 2007, that Bank of America was the lender, and the loan closed on June 28, 2007. *Complaint* [#1], ¶¶ 6 - 8. The heart of the plaintiff's complaint is his allegation that "Bank of America failed and/or refused to make many of the disclosures required by the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and state law." *Id.*, ¶ 11. Specifically, the plaintiff alleges that the disclosure of the annual percentage rate, finance charge, amount finances, total of payments, and payment schedule were not made properly, and that disclosures required for an adjustable rate mortgage were not made as required by the TILA. *Id.* Based on these alleged violations of TILA's disclosure requirements, the plaintiff claims he has a right to rescind the loan.

Bank of America includes with its motion for sanctions a document, which it says are the TILA disclosures provided to Barry, including Barry's initials and signatures

---

[2] Sometime after the motion for sanctions was filed, the plaintiff's amended complaint [#43] was accepted for filing. Paragraph 12 of the amended complaint [#43] includes essentially the same allegations.

2

acknowledging receipt of the disclosures. *Motion for sanctions* [#14], Exhibit A. Bank of America contends that Exhibit A is "the very disclosure that the plaintiff alleges that he did not receive." *Id.*, ¶ 7. Because Barry received the TILA disclosures shown in Exhibit A, Bank of America argues, "the factual contentions in the complaint do not have evidentiary support and a reasonable investigation on the part of plaintiff would have demonstrated the groundless nature of the claims raised in the complaint." *Id.*, ¶ 9.

In his response to the motion for sanctions, Barry notes Exhibit A and notes that the

> mere fact that the lender provided disclosures is not sufficient to satisfy TILA. Rather, those disclosures must be complete and accurate, and satisfy all statutory and regulatory standards. Bank of America does not even argue that the alleged disclosure in this case satisfied all such standards, much less that the absence of any shortcoming was so obvious that Rule 11 should apply.

*Response* [#28], p. 2. Prior to filing his response, Barry conceded that he received and signed the TILA disclosures shown in Exhibit A.[3]

In its reply, Bank of America notes Barry's argument, but contends that the plaintiff's complaint

> does not allege that the disclosures were not "complete or accurate." The plaintiff specifically alleges that "Bank of America failed and/or refused to make any of the disclosures required by the Truth In Lending Act." Compl. ¶ 11.

*Reply*, p. 1. Bank of America contends that Barry alleges that he did not receive any TILA disclosures, yet admits that he did receive the TILA disclosures shown in Exhibit A. Especially given Barry's concession that he did receive the TILA disclosures shown

---

[3] In its counterclaim [#6], Bank of America alleges that Barry received and signed the TILA disclosures shown in Exhibit A to the motion for sanctions and Exhibit A to the counterclaim. *Counterclaim* [#6], ¶ 9, Exhibit A. In his answer to the counterclaim, Barry agrees that he received and signed a copy of the disclosures shown in Exhibit A. *Answer to counterclaim* [#12], ¶ 6.

in Exhibit A, an allegation that Barry did not receive any TILA disclosures easily could be seen as a factual contention without reasonable evidentiary support.  On this basis, Bank of America argues that "(a)s pled, plaintiff's claims are frivolous and violate Rule 11."  *Id.*  I disagree.

Bank of America's motion fails because it is based on an incorrect reading of Barry's allegations.  The plaintiff alleges that "Bank of America failed and/or refused to make <u>many</u> of the disclosures required by the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and state law."  *Complaint* [#1]., ¶ 11 (emphasis added).  In subparagraphs A and B of paragraph 11, the plaintiff specifies two types of disclosures that he claims were not made in compliance with TILA's requirements.  *Id.*  The plaintiff does not allege that Bank of America failed and refused to make <u>any</u> of the disclosures required by TILA.  The fact that Barry received a document containing TILA disclosures is not, on its face, contrary to Barry's allegations that Bank of America failed to make many of the required disclosures.

In its motion [#14], Bank of America has not demonstrated that Barry's factual allegations about the adequacy of the TILA disclosures are allegations without evidentiary support.  The fact that Barry concedes that he signed and received Exhibit A is not inherently contrary to his allegation that Bank of America "failed and/or refused to make <u>many</u> of the disclosures required by the Truth in Lending Act."  *Complaint* [#1], ¶ 11 (emphasis added).  On this basis, I deny the motion.

I must note that, ultimately, Barry has refused to provide any factual support for the allegations in his complaint.  As detailed by the magistrate judge in her recent **Order and Recommendation of United States Magistrate Judge** [#98] filed September 8, 2011, Barry refuses to respond to any of Bank of America's discovery requests.  At a

4

recent hearing concerning the plaintiff's failure to respond to discovery requests requiring the plaintiff to specify the basis of his claims, the magistrate judge asked counsel for the plaintiff to specify the basis for the plaintiff's claims. *Recommendation* [#98], pp. 5 - 6. More than a year after the complaint was filed, counsel for the plaintiff could not specify the factual basis for the plaintiff's claims. *Id.* By denying the present motion for sanctions [#14] on the very limited basis addressed in that motion, I do not preclude the defendants from filing a motion for sanctions on any other basis.

**THEREFORE, IT IS ORDERED** that defendant Bank of America, N.A.'s **Motion for Sanctions Pursuant To Rule 11, FED. R. CIV. P.** [#14] filed September 8, 2010, is **DENIED**.

Dated September 26, 2011, at Denver, Colorado.

BY THE COURT:

Robert E. Blackbum
United States District Judge