**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01526-REB-KMT

DAMON O. BARRY,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,
AURORA LOAN SERVICES, LLC,

    Defendant.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me on the **Order and Recommendation of United States Magistrate Judge** [#98][1] filed September 8, 2011. None of the parties filed a timely objection to the recommendation. Because no objections to the recommendation have been filed, I review the recommendation only for plain error. ***See Morales-Fernandez v. Immigration & Naturalization Service***, 418 F.3d 1116, 1122 (10th Cir. 2005). Finding no error, much less plain error, in the magistrate judge's recommended disposition of this case, I find and conclude that the recommendation should be approved and adopted as an order of this court.

    In his complaint, the plaintiff, Damon O. Barry, alleges that the defendants are the lender on the promissory note reflecting the money Barry borrowed to re-finance his

---

[1] "[#98]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

house, and are the holders of the security interest reflect by the deed of trust that secures the amount due on the promissory note. Barry claims he has a right to rescind the loan because certain disclosures required by the Truth In Lending Act (TILA), 15 U.S.C. §§ 1601 - 1667f, were not made as required by the TILA.

This case was filed on June 28, 2010. More than a year later, the plaintiff has totally failed to provide any substantiation for his claims. Equally egregious, the plaintiff has defied essentially every order issued by this court in this case. In interrogatories, requests for production, and requests for admission served on the plaintiff in March of this year, defendant Bank of America asked the plaintiff, using very simple and straightforward interrogatories and requests, to substantiate the claims the plaintiff asserts in his **Amended Complaint and Jury Demand** [#43] filed December 14, 2010. The plaintiff refuses to respond to this discovery. Bank of America filed a motion to compel responses [#78]. The plaintiff never responded to this motion. Bank of America filed also a motion [#81] for discovery sanctions, based on the plaintiff's refusal to meet his discovery obligations.

In the recommendation, the magistrate judge quotes a statement she made to counsel for the plaintiff, John G. Nelson, Esq., at the magistrate judge's August 3, 2011, hearing on Bank of America's motion to compel discovery and motion for sanctions:

> You've defied every Court Order I've given you. Every single one. You haven't complied with the Scheduling Order, you haven't participated in discovery in any way. You have made a decision not to respond to discovery, and you've not propounded any of your own. All the deadlines have passed. That leaves me to say you have not prosecuted this case at all, and it also leads me to believe that the case is not brought in good faith and that it is a fraud upon the court and the system to even bring this case.

*Recommendation* [#98], p. 6. At the August 3, 2011, hearing, counsel for the plaintiff

2

could not even begin to provide any example of how the TILA disclosures at issue in this case are not in compliance with the applicable requirements. More than a year after filing this case, the plaintiff has totally failed to provide any factual basis for the claims asserted in his complaint.

In her **Order and Recommendation of United States Magistrate Judge** [#98] filed September 8, 2011, Magistrate Judge Tafoya granted the motion for discovery sanctions and imposed a monetary sanction on the plaintiff and plaintiff's counsel, jointly and severally. In addition, the magistrate judge recommends that this case be dismissed with prejudice as a sanction for the plaintiff's total non-compliance with his discovery obligations and with the orders of this court. The magistrate judge analyzed correctly the relevant factors, as stated in **Ehrenhaus v. Reynolds**, 965 F.2d 916, 920 - 921 (10th Cir. 1992). For the reasons stated by the magistrate judge, dismissal of this case as a sanction unquestionably is warranted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the magistrate judge's recommendation that this case be dismissed with prejudice as a sanction for the plaintiff's total non-compliance with both his discovery obligations and near total non-compliance with the orders of this court, as stated in the magistrate judge's **Order and Recommendation of United States Magistrate Judge** [#98] filed September 8, 2011, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the claims asserted by the plaintiff in his **Amended Complaint and Jury Demand** [#43] are **DISMISSED WITH PREJUDICE**;

3. That defendant Bank of America's **Motion To Dismiss Amended Complaint or for Summary Judgment** [#41] filed November 29, 2010, is **DENIED** as moot;

4. That defendant **Aurora Loan Services LLC's Motion To Dismiss Plaintiff's**

3

**Amended Complaint Pursuant To** F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6) [#70] is **DENIED** as moot;

 5. That on or before October 5, 2011, defendant Bank of America, N.A. **SHALL FILE** with the court a status report stating whether or not Bank of America intends to prosecute or to dismiss the claims asserted in its **Counterclaim** [#6] filed July 12, 2010;

 6. That on or before October 5, 2011, the plaintiff, Damon O. Barry, and counsel for the plaintiff, John G. Nelson, **SHALL FILE** with the court a statement, with supporting documentation, demonstrating that they have complied fully with the order [#98] of the magistrate judge that the plaintiff and the plaintiff's counsel, jointly and severally, pay 5,016.14 dollars to defendant, Bank of America, N.A. on or before September 30, 2011; and

 7. That if one or both of the defendants wish to seek additional sanctions under F<small>ED</small>. R. C<small>IV</small>. P. 11, 28 U.S.C. § 1927, and/or any other applicable law, any such motion for sanctions **SHALL BE FILED** on or before October 24, 2011.

 Dated September 26, 2011, at Denver, Colorado.

                BY THE COURT:

                */s/ Robert E. Blackburn*
                Robert E. Blackburn
                United States District Judge