**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01526-REB-KMT

DAMON O. BARRY,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,
AURORA LOAN SERVICES, LLC,

    Defendant.

## ORDER TO SHOW CAUSE

**Blackburn, J.**

    This matter is before me on the following: (1) the **Order and Recommendation of United States Magistrate Judge** [#98][1] filed September 8, 2011; (2) the **Order Adopting Recommendation of United States Magistrate Judge** [#102] filed September 26, 2011; and (3) **Defendant Bank of America, N.A.'s Motion for Contempt Citation** [#109] filed November 4, 2011. I grant the motion [#109] on the terms stated in this order.

    In her order and recommendation [#98], the magistrate judge granted the defendant's motion for discovery sanctions [#81] and ordered the plaintiff, Damon O. Barry, and the plaintiff's counsel of record, John G. Nelson, jointly and severally, to pay to the defendant 5,016.14 dollars "as compensatory sanctions pursuant to the

---

[1] "[#98]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

provisions of FED. R. CIV. P. 37(a)(5) . . . ." *Order and recommendation* [#98], pp. 11 - 12. The magistrate judge ordered that the amount be paid in full on or before September 30, 2011. On September 26, 2011, I entered an order [#102] adopting the recommendation of the magistrate judge. In that order [#102], I ordered the plaintiff, Damon O. Barry, and the plaintiff's counsel of record, John G. Nelson, to file with the court "a statement, with supporting documentation, demonstrating that they have complied fully with the order [#98] of the magistrate judge that the plaintiff and plaintiff's counsel, jointly and severally, pay 5,016.14 dollars to defendant, Bank of America, N.A. on or before September 30, 2011[.]" *Order* [#102], p. 4. I ordered that the statement be filed with the court on or before October 5, 2011. *Id.*

In its motion for contempt citation [#109], the defendant reports that the sanctions ordered by the magistrate judge have not been paid to the defendant. The record in this case shows that the plaintiff, Damon O. Barry, and the plaintiff's counsel of record, John G. Nelson, have not filed with the court the notice they were ordered to file in my September 26, 2011, order [#102]. Under FED. R. CIV. P. 5(b), the plaintiff and his counsel both were served with the **Order and Recommendation of United States Magistrate Judge** [#98] filed September 8, 2011, and my **Order Adopting Recommendation of United States Magistrate Judge** [#102] filed September 26, 2011, when those orders were delivered electronically to the plaintiff's counsel of record by the court's CM/ECF system on September 8 and September 26, 2011.

I find and conclude that both Damon O. Barry and John G. Nelson should be required to show cause why they should not be held in contempt of court based on their failure to comply with the requirements of those two orders. Accordingly, the plaintiff and his counsel are advised as follows.

A district court has the inherent power to enforce its orders through criminal or civil contempt.[2] **Shillitani v. United States**, 384 U.S. 364, 370 (1966). A finding of civil contempt is proper when (1) a valid court order existed; (2) the respondent had knowledge of that order; and (3) the respondent disobeyed that order. **FTC v. Kuykendall**, 371 F.3d 745, 756-57 (10th Cir. 2004) (citing **Reliance Ins. Co. v. Mast Constr. Co.**, 159 F.3d 1311, 1315 (10th Cir. 1998)). The moving party is required only to establish a prima facie case of contempt by demonstrating that certain conduct was required by a previous court order and that the alleged contemnor failed to comply with that order. **United States v. Hayes**, 722 F.2d 723, 725 (11th Cir. 1984).

There are two forms of civil contempt sanctions: coercive sanctions and compensatory sanctions. Coercive contempt sanctions "look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order." **Latrobe Steel Co. v. United Steelworkers**, 545 F.2d 1336, 1344 (3rd Cir. 1976). Compensatory sanctions, on the other hand, seek to "compensate the complainant through the payment of money for damages caused by past acts of disobedience." **Id.; see also Maggio v. Zeitz**, 333 U.S. 56, 67-68 (1948); **United States v. United Mine Workers of Amer.**, 330 U.S. 258, 303-04 (1947); **South Suburban Org. for Women v. Terry**, 886 F.2d 1339, 1351 (2nd Cir. 1989).

Civil confinement is one type of coercive sanction. The United States Supreme Court has stated that courts have the power to "impose conditional imprisonment for the

---

[2] Contempt proceedings are either civil or criminal in nature. Consistent with the objectives underlying civil and criminal contempts, if the sentence imposed is conditional and grants the defendant the ability to end the penalty by complying with the order, the contempt is civil. **Colombo v. New York**, 405 U.S. 9, 10-11 (1972); **Shillitani v. United States**, 384 U.S. 364, 369-70 (1966); **Cheff v. Schnackenberg**, 384 U.S. 373, 377 (1966); **United States v. Haggerty**, 528 F. Supp. 1286, 1296 (D. Colo. 1981). When the penalty is fixed and there is no possibility of complying with the court order, the contempt is criminal. **Shillitani**, 384 U.S. at 369-70.

3

purpose of compelling a person to obey a valid order" for the benefit of third parties. ***Uphaus v. Wyman***, 360 U.S. 72, 81 (1959) (stating that "[s]uch coercion, where the defendant carries the keys to freedom in his willingness to comply with the court's directive, is essentially a civil remedy designed for the benefit of other parties and has quite properly been exercised for centuries to secure compliance with judicial decrees").

Another type of coercive sanction is a monetary fine, which accrues daily until the contempt is purged. ***O'Connor***, 972 F.2d at 1211; ***General Signal Corp. v. Donallco, Inc.***, 787 F.2d 1376, 1380 (9th Cir. 1986). All of the sanctions summarized in this **Order To Show Cause** are applicable potentially if it is established that the plaintiff and his counsel of record are contempt of this court.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant Bank of America, N.A.'s Motion for Contempt Citation** [#109] filed November 4, 2011, is **GRANTED** on the terms stated in this order; and

2. That on or before **Monday, November 14, 2011, at 5:00 p.m. (mountain standard time)**, the plaintiff, Damon O. Barry, and the plaintiff's counsel of record, John G. Nelson, shall **SHOW CAUSE** in writing why they should not be held in contempt of court and punished accordingly for their failure to comply with the requirements of the **Order and Recommendation of United States Magistrate Judge** [#98] filed September 8, 2011, and my **Order Adopting Recommendation of United States Magistrate Judge** [#102] filed September 26, 2011.

Dated November 7, 2011, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

4